IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY ADELS,                                    :
                                                  :
    Plaintiffs,                                 :
                                                  :
V.                                                :
                                                  :      Case No.
UNITED RECOVERY SYSTEMS, LP.,                     :
a Texas limited partnership,                      :
                                                  :
    Defendant                                   :
                                                  :

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1.    This is an action for damages against Defendant for violations of the Federal Fair
      Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq., and violations
      of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §§ 559.55
      et seq.

**JURISDICTION AND VENUE**

2.    Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §
      1692k(d) and 28 U.S.C. § 1337.

3.    This court has supplemental jurisdiction to hear and decide the Plaintiff's related
      state law claims pursuant to 28 U.S.C. § 1367.

4.    Plaintiff TIMOTHY ADELS ("ADELS") is an individual and a resident of this
      State, District, and Division and is authorized by law to bring this action.

5.    Defendant, UNITED RECOVERY SYSTEMS, LP, is a limited partnership organized under the laws of the State of Texas with its principal place of business in the State of Texas located at 5800 North Course Drive, Houston, Texas 77072. [Hereinafter, said Defendant is referred to as "URS"].

6.    URS conducts business in the State of Florida.

7.    URS uses instrumentalities of interstate commerce to conduct business in the State of Florida.

8.    URS caused tortious injury in Hernando County within the State of Florida.

9.    URS is subject to the jurisdiction and venue of this Court.

10.   URS may be served by personal service upon an authorized agent or officer at its principal place of business in the State of Texas: 5800 North Course Drive, Houston, Texas 77072.

11.   Alternatively, URS may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Florida or Texas.

## FACTUAL ALLEGATIONS

12.   URS uses the mails in its business.

13.   URS uses telephone communications in its business.

14.   URS's principal business purpose is the collection of debts.

15.   URS regularly collects, or attempts to collect, debts owed or due, or asserted to be owed or due, another.

16.   URS is a debt collector subject to the FDCPA.

17.   URS is a debt collector subject to the provisions of the FCCPA.

18.   The alleged debt being collected by URS was incurred primarily for family and household purposes.

19.   The alleged debt being collected by URS is a consumer debt.

20.   In attempting to collect a consumer debt allegedly due from ADELS to a business not a party to this litigation, URS communicated with ADELS, a Florida resident, in a manner that violates the FDCPA and FCCPA.

21.   When making its communications, URS knew that ADELS was a resident of the State of Florida.

22.   URS intentionally communicated with a resident of the State of Florida.

23.   In or around November and December 2010, URS, by and through its agents, left a series of voice messages for ADELS requesting a return call.

24.   In the voice messages left for ADELS, URS failed to provide meaningful disclosure of the caller's identity.

25.   In the voice messages left for ADELS, URS failed to state that URS is a debt collector.

26.   In the voice messages left for ADELS, URS failed to state that URS is a debt collector attempting to collect a debt.

27.   In URS's initial communication, URS failed to disclose that the communication was an attempt to collect a debt.

28.   In URS's initial communication, URS failed to disclose that the communication was from a debt collector.

29.  In URS's initial communication, URS failed to disclose that any information obtained from ADELS would be used for the purpose of collecting a debt.

30.  In URS's subsequent communications, URS failed to disclose that the communications were from a debt collector.

31.  URS did not send any written communication to ADELS within five (5) days of the initial oral communication.

32.  URS has never sent any written communication to ADELS.

33.  URS's voice message communications to ADELS were made on ADEL's personal phone.

34.  ADELS' personal phone contained a voice mail greeting asking the caller to provide their name and contact information.

35.  URS listened to ADELS' voice mail greeting and ADELS' request that the caller provide their name and contact information.

36.  Despite being requested to provide the name and contact information, URS refused to adequately identify itself in the messages left for ADELS

37.  URS's actions were knowing and intentional.

38.  As a result of URS's actions, ADELS has suffered actual damages in an amount to be proven at trial.

39.  URS's communications and actions violate the FDCPA.

40.  URS's communications and actions violate the FCCPA.

41.  ADELS will incur costs for filing and serving this action.

42.  ADELS has retained counsel and agreed to pay a reasonable fee.

43. The FDCPA provides that ADELS is entitled to recover costs and reasonable attorney fees incurred in bringing this action.

44. The FCCPA provides that ADELS is entitled to recover costs and reasonable attorney fees incurred in bringing this action.

45. The Plaintiff has complied with all conditions precedent to bring this action.

**COUNT I**
**VIOLATION OF THE FDCPA, 15 U.S.C. §§ 1692 ET. SEQ.**

46. Plaintiff ADELS re-alleges and incorporates herein by reference Paragraphs 1-45 above.

47. URS's acts constitute intentional violations of the FDCPA.

48. URS's violations of the FDCPA include, but are not limited to, the following:

49. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

50. Placing telephone calls without providing meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

51. Using a false, deceptive, or misleading representation or means in the connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

52. Using a false representation or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10);

53. Failing to disclose in the initial communication that the communication was from a debt collector, that the communication is an attempt to collect

a debt, and that any information obtained would be used for the purpose of collecting a debt, in violation of 15 U.S.C. § 1692e(11);

54.       Failing to disclose in subsequent communications that the communication was from a debt collector, in violation of 15 U.S.C. § 16923(11); and

55.       Failing to send the required written notice to the consumer within five (5) days of the initial oral communication with a consumer, in violation of 15 U.S.C. § 1692g(a).

56.       As a direct and proximate result of URS's actions, Plaintiff ADELS suffered damages and is entitled to an award of the maximum statutory damages, actual damages, and an award of costs and attorney fees.

57.       WHEREFORE, Plaintiff ADELS respectfully demands the following relief:

    a. That this Court enter judgment against the Defendant for violations of the FDCPA;

    b. That this Court find each and every defense raised by the Defendant to be without merit;

    c. That this Court award the maximum statutory damages of $1,000.00;

    d. That this Court award actual damages in an amount proven at trial;

    e. That this Court award the reasonable costs and attorney's fees incurred during the prosecution of this action; and

    f. That this Court award such other and further relief as is just and proper.

## COUNT II
### VIOLATION OF THE FCCPA, FLA. STAT. §§ 559.55 ET. SEQ.

58.   Plaintiff ADELS re-alleges and incorporates herein Paragraphs 1-45 above.

59.   URS's acts constitute intentional violations of the FCCPA.

60.   URS's violations of the FCCPA include, but are not limited to, the following:

    a.   Refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents if requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt, in violation of Fla. Stat. § 559.72(15).

61.   As a direct and proximate result of URS's violations of the FCCPA, the Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, the maximum allowable statutory damages, attorney's fees, and costs.

62.   WHEREFORE, Plaintiff ADELS respectfully demands the following relief:

    a.   That this Court enter judgment against the Defendant for violations of the FCCPA;

    b.   That this Court find each and every defense raised by the Defendant to be without merit;

    c.   That this Court award the maximum statutory damages of $1,000.00;

    d.   That this Court award actual damages in an amount proven at trial;

    e.   That this Court award the reasonable costs and attorney's fees incurred during the prosecution of this action; and

    f.   That this Court award such other and further relief as is just and proper.

## JURY DEMAND

The Plaintiff, TIMOTHY ADELS, hereby demands trial by jury on all issues so triable.

Respectfully submitted,

/s/ Adam J. Knight
Adam J. Knight
Florida Bar No. 69400
Attorney for Plaintiff

Henry W. Hicks, P.A.
3003 West Azeele Street
Suite 200
Tampa, Florida 33609
Tele. 813.876.3113
Fax. 813.871.9202
aknight@titlemark.net